IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **MINI DONUT FACTORY, INC.** | ) | |
|     An Illinois corporation | ) | |
| | ) | |
|     **Plaintiff** | ) | |
|     v. | ) | Case No. |
| | ) | |
| **MINI DOUGHNUT FACTORY, LLC** | ) | |
|     A Delaware LLC | ) | Judge |
| | ) | |
|     **Defendant.** | ) | |

## COMPLAINT

Plaintiff, MINI DONUT FACTORY, Inc. ("MINI DONUT FACTORY" or "Plaintiff"), for its Complaint for Trademark infringement and unfair competition against Defendant, MINI DOUGHNUT FACTORY, LLC ("Defendant"), states and alleges as follows:

## STATEMENT OF THE CASE

1. Plaintiff owns and operates retail stores featuring mini donuts under the name MINI DONUT FACTORY. Plaintiff began operating the business at least as early as December 16, 2008 using the trade name and trademark MINI DONUT FACTORY. MINI DONUT FACTORY has four (4) locations in Illinois, all operated using the name MINI DONUT FACTORY. MINI DONUT FACTORY has continuously used its name in commerce for ten (10) years. Over that ten (10) year period, MINI DONUT FACTORY has expended hundreds of thousands of dollars advertising and promoting its mark, MINI DONUT FACTORY.

2. Defendant, operating under the name MINI DOUGHNUT FACTORY, intentionally chose to adopt and use this name for its retail store featuring mini donuts. Defendant's mark is confusingly similar to Plaintiff's federally registered trademark "MINI DONUT FACTORY." The

two marks are used in connection with the sale of identical goods, in nearly identical channels of trade, and are identical in overall sound, meaning and commercial impression.

3. On December, 16, 2017, MINI DONUT FACTORY received Registration No. 5354524 for the mark MINI DONUT FACTORY for use in connection with Donuts, in International Class 030, and Retail shops featuring baked goods, in International Class 035. A true and correct copy of the registration certificate is attached hereto as Exhibit A.

## JURISDICTION AND PARTIES

4. MINI DONUT FACTORY, Inc. is a corporation organized under the laws of the State of Illinois and having its principal place of business in Wheeling, Illinois.

5. On information and belief, Defendant MINI DOUGHNUT FACTORY, LLC is a limited liability company (LLC) organized under the laws of the State of Delaware, having its principal place of business in the State of Florida at 2109 S. DALE MABRY HWY, TAMPA, FL 33629.

6. On information and belief, all of the members of MINI DOUGHNUT FACTORY, LLC are individuals who are citizens of the State of Florida.

7. On information and belief, Defendant operates a retail dining establishment that sells mini donuts under the name MINI DOUGHNUT FACTORY located at 2109 S. DALE MABRY HWY, TAMPA, FL 33629.

8. On information and belief, Defendant has operated its mini donut business for less than two years.

9. On information and belief, Defendant operates an Internet web site located at http://www.minidoughnutfactory.com where Defendant advertises and promotes its retail donut business.

10. On information and belief, Defendant intentionally redirects internet users who search for Plaintiff's trademark by using a confusingly similar domain name, www.minidonutfactory.com, that redirects users to an Internet web site located at www.minidoughnutfactory.com where Defendant advertises and promotes Defendant's retail donut business.

11. This Court's jurisdiction arises under 15 U.S.C. §1121 and 28 U.S.C. §1338(a). This Court has jurisdiction over all other claims herein because this is a civil action between citizens of different states and the amount in controversy exceeds seventy five thousand dollars exclusive of costs in accordance with 28 U.S.C. §1332. This Court also has pendent jurisdiction over all other claims in accordance with 28 U.S.C. §1338(b) and 28 U.S.C. §1367(a).

**VENUE**

12. Venue is proper pursuant to 28 U.S.C. §1391(b).

**BACKGROUND**

13. On December 16, 2008, Plaintiff adopted and began using the trade name and trademark MINI DONUT FACTORY in connection with the sale of mini donuts.

14. MINI DONUT FACTORY currently operates four (4) retail locations at high-traffic shopping centers in Illinois: Gurnee Mills, Chicago Ridge and Harlem Irving Plaza.

15. Plaintiffs' mini donut retail stores are located in major high-traffic shopping malls and near major interstate highways and attract customers from several states including Wisconsin and Indiana, in addition to Illinois.

16. The word "donut" is fungible with the word "doughnut" and the two words, although spelled differently, are identical in overall sound, meaning and commercial impression.

17. MINI DONUT FACTORY organized the Illinois corporation MINI DONUT FACTORY, Inc. on April 22, 2014.

18. MINI DONUT FACTORY began using the mark MINI DONUT FACTORY many years before use of the phrase "MINI DOUGHNUT FACTORY" by Defendant.

### MINI DONUT FACTORY is A Federally-registered Trademark

19. MINI DONUT FACTORY owns U.S. Registration #5354524 on the principal register for Donuts, in International Class 030, and Retail shops featuring baked goods, in International Class 035.

### MINI DONUT FACTORY is Recognized by Third parties

20. Beginning at least as early as June 6, 2016 Plaintiff has received reviews from customers on various social media platforms.

21. MINI DONUT FACTORY is featured in advertisements created and distributed for tenants of the shopping malls where Plaintiff's businesses are located, by the operators of such malls

### MINI DONUT FACTORY Plans to Expand its Locations

22. MINI DONUT FACTORY is planning on expanding to locations outside of the State of Illinois.

23. MINI DONUT FACTORY continues to research real estate outside of Illinois to expand its locations.

24. MINI DONUT FACTORY expends substantial sums marketing and promoting the brand MINI DONUT FACTORY.

25. MINI DONUT FACTORY is currently soliciting interest in franchising the MINI DONUT FACTORY business.

26. MINI DONUT FACTORY utilizes the most popular online marketing techniques, including online advertising through Google, Yelp, Instagram, and Facebook to promote the MINI DONUT FACTORY trademark.

27. MINI DONUT FACTORY distributes physical and electronic advertsiments bearing the trademark.

### Defendant's Use of MINI DOUGHNUT FACTORY

28. On information and belief, Defendant formed MINI DOUGHNUT FACTORY, LLC, a Florida LLC, on August 27, 2015.

29. On information and belief, Defendant's Florida LLC, MINI DOUGHNUT FACTORY, LLC, was administratively dissolved on September 22, 2017.

30. On information and belief, Patrick & Zezura Ruddell formed MINI DOUGHNUT FACTORY, LLC, a Delaware LLC, on December 19, 2016.

31. On information and belief, Defendant intentionally adopted the name MINI DOUGHNUT FACTORY because it is nearly identical in appearance, sound and commercial impression to Plaintiff's trademark MINI DONUT FACTORY.

32. On information and belief, on November 15th, 2015, Patrick & Zezura Ruddell opened up Mini Doughnut Factory in the city of South Tampa, Florida.

33. On information and belief, Patrick Ruddell is an expert in the field of Internet Marketing and the buying and selling of Internet Domain Names.

34. On information and belief, Defendant intentionally adopted the MINI DOUGHNUT FACTORY name for the purposes of free-riding on the goodwill of Plaintiff's MINI DONUT FACTORY trademark.

35. Defendant registered the domain name www.minidonutfactory.com for the purposes of unfairly confusing consumers and causing initial interest confusion to consumers searching for MINI DONUT FACTORY using the phrase "MINI DONUT FACTORY."

36. Defendant's use of the Internet domain name www.minidonutfactory.com has caused and continues to cause actual consumer confusion every time an Internet user types Plaintiff's trademark into a web browser.

37. Defendant is intentionally using a trademark that is nearly identical to Plaintiff's MINI DONUT FACTORY trademark in the United States to unfairly compete with MINI DONUT FACTORY.

38. On information and belief, Defendant opened its location to intentionally free-ride on the goodwill associated with Plaintiff's mark, MINI DONUT FACTORY and to confuse consumers into thinking that MINI DONUT FACTORY has endorsed or approved, or is in some way associated with, Defendant's business.

39. Defendant intentionally adopted the name "MINI DOUGHNUT FACTORY" to free-ride on the goodwill associated with MINI DONUT FACTORY.

40. Defendant's use of MINI DOUGHNUT FACTORY on or in connection with the sale of donuts has actually caused consumer confusion, mistake, and deception.

41. Defendant's use of MINI DOUGHNUT FACTORY on or in connection with Internet advertising has actually caused consumer confusion, mistake, and deception.

42. MINI DONUT FACTORY has received emails from confused, mistaken or deceived consumers.

43. Defendant's use of the MINI DOUGHNUT FACTORY mark creates a false designation of origin and causes consumer confusion insofar as it creates an impression that MINI DONUT FACTORY approves, endorses or is connected to Defendant.

44. MINI DONUT FACTORY has been harmed by Defendant's use of MINI DOUGHNUT FACTORY.

45. MINI DONUT FACTORY will continue to be harmed by Defendant's use of MINI DOUGHNUT FACTORY.

46. On December 23, 2017 counsel for Plaintiff wrote to Defendant asking Defendant to change its name to any name that is not confusingly similar to MINI DONUT FACTORY. A true and correct copy of the December 23, 2017 letter is attached as Exhibit B.

47. Counsel for the parties engaged in telephone discussions and Defendant conclusively communicated its refusal to change its name.

48. MINI DONUT FACTORY now brings this action to enforce its trademark rights against Defendant, seeking a finding of (1) Federal trademark infringement; (2) Unfair Competition Under Sec. 43(a) of the Lanham Act; (3) State trademark infringement; and (4) Dilution.

## COUNT I

### (Trademark Infringement)
### 15 U.S.C. §1125(a)

### MINI DONUT FACTORY Owns a Protectable Mark

49. MINI DONUT FACTORY owns Registration No. 5354524 for the Mark "MINI DONUT FACTORY" for Donuts, in International Class 030, and Retail shops featuring baked goods, in International Class 035.

50. MINI DONUT FACTORY has advertised and continues to advertise electronically on its own web site at www.minidonutfactories.com.

51. MINI DONUT FACTORY has advertised and continues to advertise electronically on web sites such as Facebook, Twitter, Instagram and Yelp.

52. MINI DONUT FACTORY has advertised and continues to advertise using leaflets, handbills and other print and display advertising in high-traffic retail malls.

53. MINI DONUT FACTORY has advertised and continues to advertise in national publications relevant to consumers in general.

54. Defendant intentionally adopted the MINI DOUGHNUT FACTORY name knowing it was a recognized, protected brand owned by MINI DONUT FACTORY.

55. On or about July 7, 2017, Defendant contacted Samion Popkov, the owner of the Plaintiff LLC, and asked Mr. Popkov if he would like to discuss licensing the trademark, however the conversations were brief, non-substantive and never progressed further.

56. On information and belief, Defendant was aware that Plaintiff's U.S. Application Serial Number 87438229 for the mark MINI DONUT FACTORY was pending.

57. On information and belief, Defendant was aware that Defendant had the opportunity to oppose Plaintiff's trademark Application between September 26, 2017 and October 26, 2017.

58. Neither Defendant, not any other party opposed Application Number 87438229 and it matured into Registration No. 5354524.

### Defendant's Infringing Mark is Causing Confusion Among Consumers

59. Defendant's MINI DOUGHNUT FACTORY mark causes confusion among consumers looking for Plaintiff's MINI DONUT FACTORY mark.

60. Defendant's mark MINI DOUGHNUT FACTORY is identical in sound, meaning, and overall commercial impression to Plaintiff's registered mark, MINI DONUT FACTORY.

61. Defendant sells goods (donuts) under the mark MINI DOUGHNUT FACTORY that are identical to Plaintiff's goods.

62. MINI DONUT FACTORY's and Defendant's potential customers are identical.

63. Given the wide availability and low price point of donuts, consumers are less likely to exercise a high degree of care.

64. Consumers have been confused by Defendant's use of the MINI DOUGHNUT FACTORY name.

65. Defendant's use of the MINI DOUGHNUT FACTORY mark has caused actual harm to MINI DONUT FACTORY and will continue to cause actual harm unless the Defendant is enjoined from further use of MINI DOUGHNUT FACTORY.

## COUNT II

### (Unfair Competition)
### 15 U.S.C. §1125(a)

66. Defendant is intentionally misleading and misdirecting Internet users who use Plaintiff's company name as its domain name.

67. Web users assume that, as a general rule, the domain name of a particular company will be the company name followed by ".com."

68. Defendant owns the domain name www.minidonutfactory.com, which is the Plaintiff's company name and trademark "MINI DONUT FACTORY" followed by ".com."

69. Internet users searching for MINI DONUT FACTORY using the domain name www.minidonutfactory.com are redirected to Defendant's web site located at, not surprisingly, minidoughnutfactory.com.

70. By engaging in online advertising using Plaintiff's MINI DONUT FACTORY TRADEMARK and redirecting Internet users who search for Plaintiff's products, Defendant is making false statements of fact.

71. Defendant's online advertising has actually deceived or has the tendency to deceive a substantial segment of consumers searching for information about mini donuts.

9

72. Given the wide availability and low price point of donuts, consumers are less likely to exercise a high degree of care and brand recognition will have a material influence on the purchasing decision

73. Defendant's deception (redirecting Internet users) is material in that it is likely to influence the purchasing decision, since consumers will be confused by the fact that these competitors' names are identical in sound, meaning and commercial impression, even though spelled differently.

74. Defendant caused the false advertisement and falsely advertised goods to enter interstate commerce by promoting its goods online via. Web site, through various digital advertising platforms, and through use of the minidonutfactory.com domain name.

75. Defendant's false advertising is confusing consumers and diminishing the ability of Plaintiff's mark to function as a unique source identifier. This harm is irreparable and without an adequate remedy at law.

## COUNT III

### (State Trademark Infringement)
### 815 ILCS 510/2

76. Claims for unfair competition and deceptive business practices brought under Illinois Statutes are to be resolved according to the principles set forth under the Lanham Act. *Spex, Inc. v. Joy of Spex, Inc.*, 847 F. Supp. 567, 579 (N.D.Ill.1994); *Thompson v. Spring-Green Lawn Care Corp.*, 126 Ill.App.3d 99, 91 Ill.Dec. 202, 466 N.E.2d 1004, 1010 (Ill.App.Ct.1984).

### MINI DONUT FACTORY Owns a Protectable Mark

77. MINI DONUT FACTORY owns Registration No. 5354524 for the Mark "MINI DONUT FACTORY" for Donuts, in International Class 030, and Retail shops featuring baked goods, in International Class 035.

78. MINI DONUT FACTORY engages in substantial print and electronic advertising as set forth above.

79. MINI DONUT FACTORY has been in business in Illinois since at least as early as December 16, 2008.

80. Defendant intentionally adopted the MINI DOUGHNUT FACTORY mark knowing it is identical in sound, meaning, and overall commercial impression to a nationally-recognized brand owned by Plaintiff.

81. Defendant's business operations are run by an Internet marketing expert who owns the domain name comprised of Plaintiff's registered trademark (www.minidonutfactory.com) and uses that domain name to redirect Internet users to Defendant's domain name (www.minidoughnutfactory.com).

### Defendant's Mark is Causing Confusion Among Consumers

82. Defendant's MINI DOUGHNUT FACTORY mark causes confusion among Illinois consumers looking for Plaintiff's MINI DONUT FACTORY mark.

83. Defendant's MINI DOUGHNUT FACTORY mark is similar in sound, appearance, and meaning to Plaintiff's MINI DONUT FACTORY mark.

84. Defendant sells goods (donuts) under the mark MINI DOUGHNUT FACTORY that are identical to Plaintiff's goods.

85. MINI DONUT FACTORY's and Defendant's potential customers are identical.

86. Given the wide availability of donuts, consumers are less likely to exercise a high degree of care.

87. Consumers have actually confused MINI DONUT FACTORY with Defendant.

Defendant's use of the MINI DOUGHNUT FACTORY mark has caused actual harm to MINI DONUT FACTORY and will continue to cause actual harm unless Defendant is enjoined from further use of MINI DOUGHNUT FACTORY.

## COUNT IV

### (Dilution)
### 15 U.S.C. §1125(c)(1)

**Plaintiff's mark MINI DONUT FACTORY is Famous**

88. MINI DONUT FACTORY's mark is famous.

89. MINI DONUT FACTORY's mark is inherently distinctive of MINI DONUT FACTORY's goods and services.

90. MINI DONUT FACTORY has acquired distinctiveness through MINI DONUT FACTORY's use.

91. MINI DONUT FACTORY has used MINI DONUT FACTORY for over ten (10) years in connection with mini donuts.

92. MINI DONUT FACTORY expends several thousand dollars monthly to advertise MINI DONUT FACTORY.

93. MINI DONUT FACTORY advertises MINI DONUT FACTORY in trade publications, online, at conferences, in newsletters, and fliers.

94. If Defendant is allowed to expand its business using the MINI DOUGHNUT FACTORY mark, it will dilute MINI DONUT FACTORY's mark because it will lessen the ability of the MINI DONUT FACTORY mark to exclusively identify MINI DONUT FACTORY.

**Defendant adopted MINI DONUT FACTORY's Mark After MINI DONUT FACTORY Became Famous**

12

95. Defendant adopted MINI DONUT FACTORY after the mark was made famous as a source identifier of MINI DONUT FACTORY's goods and services.

96. MINI DONUT FACTORY began using MINI DONUT FACTORY in 2008.

97. Defendant did not adopt its mark MINI DOUGHNUT FACTORY until late 2014.

98. If Defendant is allowed to continue to use the name MINI DOUGHNUT FACTORY this will lessen the ability of MINI DONUT FACTORY to function as a source identifier.

## **PRAYER FOR RELIEF**

**WHEREFORE**, MINI DONUT FACTORY respectfully requests that this Court enter an order for:

(i) a determination that Defendant's use of the MINI DOUGHNUT FACTORY name and/or trademark is violating §43(a) of the Lanham Act,

(ii) Preliminary and permanent injunctive relief prohibiting Defendant's use of the name MINI DOUGHNUT FACTORY;

(iii) An award of MINI DONUT FACTORY's actual damages to be proved at trial;

(iv) An award of a reasonable royalty;

(v) An award of MINI DONUT FACTORY's costs and reasonable Attorney's Fees incurred in prosecuting this matter;

(vi) An award of the costs of corrective adverting in an amount equal to the amount spent by Defendant on any adverting incorporating the MINI DONUT FACTORY mark;

(vii) An order directing Defendant to transfer the registration of minidonutfactory.com to Plaintiff;

(viii) Prejudgment interest and costs; and

(ix) Such other relief the Court deems just and appropriate.

## **JURY DEMAND**

MINI DONUT FACTORY hereby demands a trial by jury on all matters and issues triable by jury in this action.

Dated: February 9, 2018

Respectfully submitted,

[signed] /david m. adler/
David M. Adler, Esq.
Adler Law Group
300 Saunders Road, Suite 100
Riverwoods, IL 60015
Phone: (866) 734-2568
Email: David @adler-law.com

# United States of America
### United States Patent and Trademark Office

## mini donut factory

| | |
|---|---|
| **Reg. No. 5,354,524** | Mini Donut Factory, Inc. (ILLINOIS CORPORATION) Trademarks |
| **Registered Dec. 12, 2017** | 1508 Sheridan Ct<br>Wheeling, ILLINOIS 60090 |
| **Int. Cl.: 30, 35** | CLASS 30: Donuts |
| **Service Mark** | FIRST USE 12-16-2008; IN COMMERCE 12-16-2008 |
| **Trademark** | CLASS 35: Retail shops featuring baked goods |
| **Principal Register** | FIRST USE 12-16-2008; IN COMMERCE 12-16-2008 |

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

No claim is made to the exclusive right to use the following apart from the mark as shown: "MINI DONUT"

SER. NO. 87-438,229, FILED 05-05-2017

*Joseph Matal*

Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

> **REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**
>
> **WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

***ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

**ADLER LAW GROUP**

Safeguarding Ideas, Relationships & Talent®

300 Saunders Road, Suite 100
Riverwoods, Illinois 60015
Toll Free (866) 734-2568
www.adler-law.com

December 23, 2017

**VIA FEDEX**

Patrick Ruddell
Zezura Ruddell
Mini Doughnut Factory, LLC
2109 S. Dale Mabry ?Hwy
Tampa, FL 33629

   Re:  MINI DONUT FACTORY®
       U.S. REGISTRATION NO. 5,354,524

Dear Mrs. Ruddell,

I am writing you on behalf of my client Mini Donut Factory, Inc. ("Mini Donut Factory"). It is unfortunate but necessary that I write you today in regard to the similarity of your business and Mini Donut Factory®. While my client shares your enthusiasm for mini donuts, the same is not so with the choice of your business name, Mini Doughnut Factory, LLC. I know that you have communicated with Mr. Samion Popkov, President of Mini Donut Factory, so it is unlikely that this letter comes as a surprise.

As I am sure you are aware, businesses have a legal obligation to protect their trade names and trademarks, or they risk losing their distinctiveness and effectiveness. Toward that end, Mini Donut Factory recently applied for and, on December 12, 2017 received, federal registration certificate number 5,354,524 for the trademark Mini Donut Factory for use in connection with Donuts and retail shops featuring baked goods. A copy is enclosed for your convenience.

As a business person I trust you understand the seriousness of this subject. It is in that spirit that my client is asking that you change your name to any name that is NOT confusingly similar to Mini Donut Factory. This includes any and all use in any media, mode and manner of advertising and marketing.

My client understands that it may take some time to effect these changes and asks that you confirm in writing that you have completed or commenced such changes within thirty (30) days of the date of this letter. Please let me know if you feel you may need additional time.

My client is not unsympathetic to the fact that there may be costs, expenses and inconveniences to effecting the requested changes. However, these could have been easily avoided entirely with minor due diligence. My client has been using the Mini Donut Factory name for a decade, and you knew of both this use and the existence of the pending federal trademark application, when you abandoned

Mini Doughnut Factory, LLC
December 23, 2017
Page 2

your Florida Mini Doughnut Factory, LLC and organized Mini Doughnut Factory, LLC. a Delaware LLC. This was a poor choice of name.

I trust that you understand that the changes requested in this letter are far easier and less expensive than the alternative. However, if you remain unconvinced of my client's resolve to protect its rights, I have attached a draft complaint for trademark infringement of the Mini Doughnut Factory® mark. As noted above, if you do not adopt a name that is *not* confusingly similar to Mini Doughnut Factory when my client asks nicely, it has no alternative to taking formal action to protect its rights.

Lastly, I must advise you that my client may seek discovery of electronic data in your possession, custody or control that is relevant to this matter, including without limitation emails, text messages, and other information contained on your computer systems and any electronic storage systems, whether maintained by you or third-parties. This electronic data and paper files are valuable and provide irreplaceable sources of discoverable information in this matter.

You are also hereby given notice to preserve all documents regarding investigation into the availability of the phrase "MINI DOUGHNUT FACTORY" for marketing purposes and all print and electronic media on which the phrase appears, and to not allow the deletion of any electronic communications, such as emails, relating thereto.

This letter is not a full and complete statement of my client's rights, all of which are expressly reserved. Please do not hesitate to contact me if you have any questions or comments. I look forward to your prompt and favorable response.

Very truly yours,

David M. Adler

DMA/sf

Enclosure (2)

CC: S. Popkov
       J. Presser, Esq.